UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------
PROGRAM REWARDS SOLUTIONS LLC,

                Plaintiff,

-against-

POINTS INTERNATIONAL LTD.,

                Defendant.
------------------------------------------------------------
POINTS INTERNATIONAL LTD.,

                Counterclaim-Plaintiff,

-against-

PROGRAM REWARDS SOLUTIONS LLC and
BERNARD R. BAKER, III,

                Counterclaim-Defendants.
------------------------------------------------------------

10 Civ. 1561 (RJS) (HBP)

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/16/10

**PARTIES' CONFIDENTIALITY**
**ORDER ON CONSENT**

The parties having stipulated to the terms herein with respect to the confidentiality of certain materials such as may be produced in the course of this matter because of their proprietary and confidential nature, and the Court having considered the terms hereof and the circumstances herein, and for good cause appearing, it is hereby ORDERED as follows:

1.     Any party, or non-party, that produces information in connection with this case, orally during testimony at depositions, or in writing, or through the production of documents, or otherwise during this proceeding, that it reasonably believes in good faith to be confidential, may designate such information for protection under this Order, and the information so designated ("Confidential Material") shall thereafter be subject to the provisions of this Order.

24349/023/1184517.3

-2-

2. All Confidential Material shall be used by the receiving party solely for purposes of the prosecution of a party's claims or defenses, or any appeals thereof, in this action or the collection of a judgment arising from claims in this action brought by a party hereto and otherwise shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose or otherwise be disclosed by the receiving party to anyone other than those categories of persons set forth in Paragraph [4] herein, unless and until the restrictions herein are removed either by written agreement of counsel for all the parties, or by Order of the Court.

3. Confidential Material may be designated by the party producing it as "CONFIDENTIAL – ATTORNEYS EYES ONLY" at the time that a response to discovery is made by placing or affixing a "CONFIDENTIAL – ATTORNEYS EYES ONLY" notice in writing on documents containing such Confidential Material, except that in the case of depositions, the party's counsel wishing to designate portions of a deposition as containing Confidential Material may do so either by making an appropriate statement on the record at the time of the giving of such testimony, or by notifying opposing counsel in writing within 15 days of receipt of the transcript. Pending such 15-day review period, all materials contained in any transcript and exhibits thereto are to be treated as Confidential Materials. Any designation of Confidential Material that is initially omitted may be corrected by written notification to opposing counsel, and such material shall thereafter be treated as Confidential Material in accordance with the provisions of this Order. Counsel receiving such notice shall take reasonable steps to retrieve any documents previously distributed in any manner inconsistent with that designation.

4. Confidential Material and the contents of Confidential Material may be disclosed only to the following individuals under the following conditions:

24349/023/1184517.3

    a.    Counsel of Record in this case and employees of such Counsel of Record assisting a party's claims or defenses in this action or collection of a judgment of any claim brought by a party hereto (collectively, referred to herein as "Counsel");

    b.    In-House Counsel of the parties in this action, but such In-House Counsel shall not include any of the parties' themselves;

    c.    Outside experts retained by Counsel for purposes of this action, provided such experts agree in writing to be bound by this Order and only upon prior notice to all Counsel of the name and litigation role of such expert pursuant to;

    d.    Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

    e.    The Court and court personnel; and

    f.    Vendors retained by or for the parties to assist in preparing for pretrial discovery or judgment collection, trial or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees who duties and responsibilities require access to such materials.

5.    Confidential Material shall be used only by individuals permitted access to it under Paragraph [4] herein. Confidential Material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) Counsel

for the party designating the Confidential Material expressly waives the claim of confidentiality in writing, or (b) the Court orders such disclosure.

6. Within five (5) business days of any execution of a copy of Exhibit A to this Stipulated Protective Order, Counsel receiving the executed copy shall provide a copy of same to all counsel of record.

7. If Counsel for a party receiving documents or information designated as Confidential Material hereunder objects to such designation of any or all of such items, Counsel shall contact Counsel for the producing party and confer in good faith in an effort to resolve the dispute and, if necessary, follow the Court's existing procedures for any further resolution.

8. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential Material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, or the failure to comply fully with some aspect of the procedure for designation of Confidential Material articulated in paragraph [3] herein, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing: (1) Counsel for the receiving party; and (2) Counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential under this Confidential Order.

9. Confidential Material shall not be filed in the public record of this matter. All Confidential Material that is filed with the Court, and any pleadings, motions or other papers

filed with the Court disclosing any Confidential Material, shall be filed under seal. Where only portions of such pleadings, motions or other papers filed with the Court disclose Confidential Material, in addition to the filing of complete unredacted versions filed under seal, redacted public versions shall be ECF-filed.

10. A party that designates information as Confidential Material shall have a reasonable basis for believing, in good faith, that the information requested is confidential, proprietary or commercial information upon which restrictions to access should be imposed. In the event that a receiving party shall at any time disagree with the designation by the producing party of any information as Confidential Material, then the parties will first try, in good faith, to resolve such dispute on an informal basis before presenting the dispute to the Court for resolution. The Court may then determine whether the information should be considered Confidential Material and, if so, may rule on what restrictions to access or disclosure should be imposed, if any. No party shall be obligated to challenge the propriety of the designation of Confidential Material at the time of production, and a failure to do so shall not preclude a subsequent challenge as to the propriety of such designation.

11. This Order is without prejudice to the right of any party to seek relief from or modification of any provision contained in it after notice to the other parties. This Stipulated Protective Order is without prejudice to the right of any party to move for a separate protective order relating to any particular document or information, including restrictions different from those specified herein, and/or to present other appropriate motions. Nothing in this Stipulated Protective Order shall in any way limit a party or non-party's use or disclosure of its own Confidential Material.

24349/023/1184517.3

12. The restrictions set forth in any of the preceding paragraphs shall not apply to information or material that:

    (a) was, is or becomes public knowledge, not in violation of this Stipulated Protective Order;

    (b) is acquired by the non-designating party from a third party having the right to disclose such information or material; or

    (c) was lawfully possessed by the non-designating party, other than by virtue of this proceeding, prior to full execution of this Stipulated Protective Order by the parties.

13. Within thirty (30) days following termination of the above-captioned litigation and the expiration of time for all appeals, all copies of a Party's Confidential Material shall be destroyed or returned to Counsel for the respective party that produced such Confidential Material, including, without limitation, any electronic copies.

14. This Order shall survive the termination of this action and shall remain in full force and effect and subject to the Court's plenary powers of enforcement and sanction unless modified by an Order of this Court or by the written stipulation by the parties and thereafter filed with the Court.

SO ORDERED.

DATED: August 16, 2010
New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

24349/023/1184517.3

Stipulated to and agreed to by:

| | |
|---|---|
| ZIMMERMAN & LEVI, LLP | COWAN, LIEBOWITZ & LATMAN, P.C. |
| By: *[signature]* | By: *[signature]* |
| Jean-Marc Zimmerman | Mark Montague |
| (jmzimmerman@zlk.com) | (mxm@cll.com) |
| 226 St. Paul Street | 1133 Avenue of the Americas |
| Westfield, NJ 07090 | New York, NY 10036-6799 |
| Tel: (908) 654-8000 | Tel: (212) 790-9200 |
| Fax: (908) 654-7207 | Fax: (212) 575-0671 |
| ATTORNEYS FOR PLAINTIFF/ COUNTERCLAIM-DEFENDANT PROGRAM REWARDS SOLUTIONS LLC. AND COUNTERCLAIM-DEFENDANT BERNARD R. BAKER, III | ATTORNEYS FOR DEFENDANT/COUNTERCLAIM-PLAINTIFF POINTS INTERNATIONAL LTD. |

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------
PROGRAM REWARDS SOLUTIONS LLC,

                Plaintiff,                              10 Civ. 1561 (RJS) (HBP)

   -against-

POINTS INTERNATIONAL LTD.,

                Defendant.
-------------------------------------------------------------
POINTS INTERNATIONAL LTD.,

                Counterclaim-Plaintiff,

   -against-

PROGRAM REWARDS SOLUTIONS LLC and
BERNARD R. BAKER, III,

                Counterclaim-Defendants.
-------------------------------------------------------------

        I, _____, hereby acknowledge that I have read the Order entered in the above-entitled proceeding and will not, directly or indirectly, use or allow use for any purpose or disclose to any person for any purpose, any Confidential Material covered by the aforesaid Order except as provided in said Order and not for any business or other purpose whatsoever. I hereby agree to be bound by the terms of said Order, submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder, and

24349/023/1184517.3

understanding that my willful violation of any term of the Order could subject me to punishment for contempt of Court.

Dated:_____           By:_____
                                    Name:
                                    Firm or Affiliation:

24349/023/1184517.3